UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIA SMITH, | Case No.: 24-CV-1287 JLS (MSB) |
| Plaintiff, | **ORDER (1) DISCHARGING ORDER TO SHOW CAUSE AND (2) SETTING NEW DEADLINE TO RESPOND TO COMPLAINT** |
| v. | |
| JPMORGAN CHASE BANK, N.A., a business entity; SADAF ZADEH, an individual; ANGEL ARENAS, an individual; and DOES 1–10, inclusive, | (ECF Nos. 4 & 5) |
| Defendants. | |

On July 31, 2024, the Court ordered Defendant JPMorgan Chase Bank, N.A. ("Chase") to show cause why this action should not be remanded for lack of subject matter jurisdiction.  *See generally* ECF No. 4 ("OSC").[1]  Specifically, the Court questioned whether Chase had satisfied its burden to establish the Court's jurisdiction under either of the bases asserted in the Notice of Removal ("Notice," ECF No. 1): (1) jurisdiction under the Edge Act (12 U.S.C. § 632); and (2) diversity jurisdiction.  *See id.*  The latter theory relied on a fraudulent joinder argument.  *See id.* at 5–8.

---

[1] The Court incorporates by reference the entirety of the OSC herein.

Presently before the Court is Chase's timely Response ("Resp.," ECF No. 5) to the OSC, in which Chase doubles down on its original jurisdictional contentions. Chase's fraudulent joinder argument—though less anemic than the version included in the Notice—remains unpersuasive.[2] Regarding the Edge Act, however, Chase makes more compelling points.[3] Though the Court continues to find it bizarre for federal jurisdiction to turn essentially on random chance,[4] Congress appears to have made it so. *See* 12 U.S.C. § 632; *Lin v. JPMorgan Chase Bank N.A.*, No. 2:24-CV-01837-JLS-E, 2024 WL 2272387, at *4 (C.D. Cal. May 19, 2024) ("The Court admits that it is somewhat strange for federal-court jurisdiction to turn on the happenstance of where a wire transferee is located, but that result flows from Congress requiring a nexus to an 'international' transaction.").

---

[2] Chase begins by relying on *Mercado v. Allstate Insurance Co.*, 340 F.3d 824 (9th Cir. 2003). Resp. at 12. But as the Court previously explained, questions surrounding the applicability of *Mercado* to factually distinguishable cases preclude its application here, as the Court must resolve "all ambiguities in controlling state law" in Plaintiff Marcia Smith's favor. OSC at 6–7 (quoting *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009)). Chase also argues the Complaint ("Compl.," ECF No. 1-2) fails to state claims against Chase's co-defendants. Resp. at 14–15. Again, however, Chase overlooks the Court's prior admonition: even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." OSC at 8 (quoting *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 550 (9th Cir. 2018)). Chase further asserts Plaintiff "cannot prove" and "cannot establish" the necessary elements of her claims. Resp. at 14–15. Chase supports these points with only Declarations ("Decls.," ECF Nos. 5-1, 5-2) that dispute factual allegations underlying Plaintiff's claims. This falls short of what is needed to establish fraudulent joinder at this stage. *See, e.g.*, *Michaels v. Pentair Water Pool & Spa, Inc.*, No. 10-CV-500, 2010 WL 3168253, at *7 (D. Nev. Aug. 9, 2010) (rejecting fraudulent joinder argument that asked the court to "mak[e] findings of contested facts in [defendant's] favor").

[3] In relevant part, the Edge Act states: "Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, *arising out of transactions involving international or foreign banking*, . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court . . . ." 12 U.S.C. § 632 (emphasis added).

[4] Chase's Edge Act argument relies on the fact that one of the two alleged scam transactions was a wire transfer with an overseas recipient (the other transaction was a domestic cash withdrawal). *See* Resp. at 5–11. Despite Chase's protestations to the contrary, the Court sees little in the Complaint to suggest that the international nature of said wire transfer bears on Plaintiff's claims. Nevertheless, the Court is satisfied that the harm Plaintiff alleges derives in significant part from a wire transfer that happened to be received abroad. Accordingly, this case falls under the Edge Act's vast umbrella.

As Chase has quelled the Court's jurisdictional concerns, the Court **DISCHARGES** the Order to Show Cause.  Defendants **SHALL RESPOND** to Plaintiff's Complaint <u>within twenty-one (21) days</u> of the date of this Order.

     **IT IS SO ORDERED.**

Dated:  August 21, 2024

Hon. Janis L. Sammartino
United States District Judge

24-CV-1287 JLS (MSB)